KAZEN, Chief Judge,
dissenting:
While I agree with much of the majority opinion, I cannot agree with the ultimate holding. Many of the pertinent facts are undisputed. In 1992, this defendant was arrested and charged in a Colorado state court with the crimes of menacing and sexual assault. He pleaded guilty to both charges, and received a four-year prison sentence for the menacing charge and a six-month sentence for the assault charge. *415 The sentence in the menacing charge qualified as an aggravated felony under federal law. 8 U.S.C. § 1101(a)(43)(F). The Colorado court recommended the defendant for the RITP, the Colorado version of a “military boot camp.” Upon defendant’s completion of that program, the state court entered the order now in dispute. That order was signed on July 25,1994.
I agree with the majority that the phrase “term of imprisonment” refers to the period of incarceration or confinement ordered by the court, regardless of any suspension of the execution of that imprisonment. 8 U.S.C. § 1101(a)(48)(B). I further agree that we are not constrained by a state’s treatment of a felony conviction in applying the federal sentence enhancement provisions, and that federal law determines whether a sentence imposes a term of imprisonment for purposes of the aggravated felony enhancement.
My disagreement is with the majority’s ultimate holding that the 1994 Colorado order reduced defendant’s sentence “from imprisonment to probation.” That order in its entirety reads as follows:
THIS MATTER comes before the Court this date regarding reconsideration of sentence. The Defendant has completed the regimented inmate training program and may now be released to immigration authorities. If Defendant is deported and returns to the United States legally within 12 months, upon his return to the United States he is to contact the Morgan County, Colorado probation department and be placed on probation for a period of 18 months under the usual terms and conditions, including evaluation and placement on Intensive Supervised Probation if acceptable. (Emphasis added)
The majority opinion acknowledges that the Colorado court “did not specifically state that it was reducing Landeros’s sentence to probation,” but concludes that this is the meaning of the order because probation “is the type of relief the RITP Act affords.” The majority bolsters its conclusion with the proposition that, under Colorado law, probation is a distinct type of sentence and that a court may not grant probation and impose a prison term in the same order. While that proposition may be true, it does not control here.
Even a cursory reading of the 1994 order reveals that it does not purport to place the defendant on probation. Indeed, it is instructive that the defendant has never argued that he was placed on probation. Throughout his appellate brief, and also in the trial court, defendant instead has maintained that the effect of the 1994 order was to reduce his term of imprisonment from four years to eight months. The 1994 order refers to probation only as a future possibility if three conditions were met: the defendant would be deported, he would thereafter return to the United States legally, and he would do so within 12 months. Only two of the three conditions were met. Defendant was deported in 1994. However, his only known return to this country was not until February 2000, almost six years later. Moreover, his return was illegal, which is why he was prosecuted in federal court.
The 1994 order clearly does not place the defendant on probation upon release from confinement. Instead, it dictates that the defendant “may now be released to immigration authorities.” In my opinion, the effect of this order was that the balance of defendant’s prison sentence was suspended to allow the defendant to be deported. If that happened, and if he did not return within a year, his case would be closed. In my experience, the early release of aliens from state prison sentences, concurrent with their delivery to immigration authorities for deportation, is not un *416 usual, generally motivated by the desire to reduce the cost to the local taxpayers of continued incarceration.
For the foregoing reasons, I respectfully dissent and would affirm the judgment of the trial court.